Marietta **SMALL**, Public Administrator of Kings County, as Administrator of the Estate of Andy M. Herrera, et al., Plaintiffs,

v.

**CITY OF NEW YORK, et al., Defendants.**

**Maria Pena, Individually, and as the Administrator of the Estate of Dilcia Pena, Plaintiffs,**

v.

**City of New York, et al., Defendants.**

Nos. 02 CV 3163(NG)(JMA), 02 CV 3147(NG)(JMA).

United States District Court, E.D. New York.

Feb. 3, 2004.

Alan M Shapey, Lipsig, Shapey, Manus & Moverman PC, New York, NY, for Marietta Small, Maria Delcarmen Herrera, Victor Herrera, Plaintiffs.

Derek S Sells, The Cochran Firm, Schneider, Kleinick, Weitz & Damashek, New York, NY, for Maria Pena, Plaintiff.

Alan H Scheiner, The City of New York Law Department, New York, NY, for City of New York, Thomas Deprisco, Roy Richter, Ricky Karpen, Brian White, Peter Moy, David Gaskin, Michael Zarrlli, Vincent Fiorenza, Defendants.

Howard Hogan, Debevoise & Plimpton, New York, NY, for City of New York, Police Benevolent Association, Michael Immitt, John Gallo, Defendants.

Bruno Vincent Gioffre, Jr, Quinn Ferrante & Mellea, Andrew C Quinn, Quinn, Ferrante & Mellea, LLP, White Plains, NY, Peter J Blessinger, Cerrone & Geoghan, New York, NY, for Keith Singer, Dennis Healy, Defendants.

Edward Friedman, Brooklyn, NY, for Martin Finkelstein, Defendant.

Gregory M Longworth, New York, NY, for Martin Finkelstein, Michael Immitt, John Gallo, Defendants.

Alan H Scheiner, The City of New York Law Department, New York, NY, for City of New York, Thomas Deprisco, Roy Richter, Peter Moy, Michael Zarilli, Brian White, Defendants.

Howard Hogan, Debevoise & Plimpton, New York, NY, for The Patrolman's Benevolent Association of the City of New York, Patrick Lynch, Michael Immett, "john" Rabinowitz, Defendants.

Gregory M Longworth, New York, NY, for Jack Conway, John Welsh, Edward Sills, Anthony Prinzano, Michael Gaudio, Marie Desario, Paul Alba, John Chavez, Michael McGill, Martin Finkelstein, Patrick Lynch, Michael Immett, Craig Hildebrand, Defendants.

John W Burns, Worth, Longworth, Bamundo & London, LLP, New York, NY, for Jack Conway, John Welsh, Edward Sills, Anthony Prinzano, Michael Gaudio, Marie Desario, Paul Alba, John Chavez, Michael McGill, Martin Finkelstein, Pat-

rick Lynch, Michael Immett, "john" Rabinowitz, "john" Gallo, Craig Hildebrand, Defendants.

### *OPINION AND ORDER*

GERSHON, District Judge.

*Certification of Interlocutory Appeal.*

Various defendants have moved for certification of interlocutory appeals, under 28 U.S.C. § 1292(b), of this court's Opinion and Order dated July 30, 2003, *Small v. City of New York,* 274 F.Supp.2d 271 (E.D.N.Y.2003), and for a stay of all proceedings in these cases pending resolution of the appeals.

The motions for certification under 28 U.S.C. § 1292(b) are denied. Only one argument made by the defendants merits discussion. That argument is that, because some individual police officer defendants may appeal, as of right, the denial of their motions to dismiss on qualified immunity grounds, the court should certify an interlocutory appeal on all issues raised by those defendants, including those as to which no qualified immunity was asserted in their motions to dismiss, and also should certify an interlocutory appeal on all issues raised by other defendants, as to whom the qualified immunity defense is inapplicable altogether. Accepting this argument would allow the qualified immunity exception to the final judgment rule to swallow the rule itself.

Such a result would be particularly inappropriate here. Those defendants who moved to dismiss on qualified immunity grounds did so only on the single issue of plaintiffs' substantive due process claim of the right to be free of state created danger, *see Small,* 274 F.Supp.2d at 281, and not on all of the issues which defendants now seek to present to the Court of Appeals, on an interlocutory basis, before a full development of the facts.

*Reconsideration or Clarification.*

The PBA defendants move in the alternative for reconsideration or clarification of the Opinion and Order dated July 30, 2003, pursuant to Local Civil Rule 6.3, regarding plaintiffs' state law claims.

First, the motion for clarification is granted to the following extent: The Opinion and Order identifies the negligent supervision and training of the individual PBA representatives named in the complaints as the only state law claim against the PBA and its officials. *See Small,* 274 F.Supp.2d at 274. This was based upon the representations of plaintiffs' counsel on oral argument of the motions to dismiss. The state negligent supervision and training claim against the PBA defendants is based solely upon the same factual allegations that underlie the federal claim for denial of access to the courts, namely, allegations of actions taken after the accident. Thus, there is no state wrongful death claim against the PBA defendants.

Second, the motion for reconsideration of the denial of the motion to dismiss the state negligence claim just described is denied. The defendants have pointed to no "matters or controlling decisions" which the court has overlooked. Indeed, none of the authority cited by the defendants on the motion for reconsideration even addresses the issue of a common law negligence claim of the sort alleged here.

**SO ORDERED.**